1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                         NORTHERN DISTRICT OF CALIFORNIA

9

10   TITO DAVID VALDEZ, JR.,                        No. C 05-4443 SI (pr)

11              Plaintiff,                          **ORDER OF SERVICE**

12        v.

13   JEANNE WOODFORD; et al.,

14              Defendants.
                                          /
15

16                              **INTRODUCTION**

17        Tito David Valdez, Jr., a California prisoner at the Correctional Training Facility in Soledad,

18   has filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983.   His complaint is now before the

19   court for review pursuant to 28 U.S.C. §1915A.     His motion for appointment of counsel also is

20   before the court for consideration.

21

22                              **BACKGROUND**

23        This action concerns a regulation that restricts certain incarcerated sex offenders from

24   visiting with children.   Although Valdez's very repetitive complaint is 60 pages in length, he does

25   not allege why the regulation applies to him.   However, a newspaper article attached to the

26   complaint states that Valdez is in prison because he "was convicted in 1993 of raping a 13-year

27   old girl and then, along with his father, attempting to have her killed."  Complaint, Exh. E, p. 2.

28

1   Valdez has been in prison since 1995.  Valdez met his wife a few years ago while he was in prison

2   and married her in February 2004.  Complaint, Exhs. E & K.

3          The complaint alleges the following:

4          On August 17, 2003, a correctional sergeant interrupted and terminated Valdez's visit with

5   his then-fiancée, her 8-year old daughter and her 13-year old son.  The termination was due to the

6   sergeant's discovery of a CDC 128-B chrono dated July 16, 2003 which documented the § 3173.1

7   bar to Valdez's family visits with minors.  The termination of the visit was traumatic for him and

8   his visitors.  Until August 17, 2003, Valdez had been able to visit with the children.

9          The regulation in question is § 3173.1 of title 15 of the California Code of Regulations.

10  The current version of § 3173.1 provides:

11          Visiting with minors shall be prohibited for any inmate sentenced to prison for violating
            Penal Code section(s) 261, 264.1, 266c, 273d, 285, 286, 288, 288a, 288.5 or 289 unless
12          specifically authorized by a juvenile court, pursuant to Welfare and Institutions Code
            section 362.6.  Inmates may be prohibited from having contact or non-contact visits where
13          substantial evidence (e.g., court transcripts, police or probation officer reports or parole
            revocation hearing finding describing the misconduct) of the misconduct described in
14          section 3177(b)(1) exists, with or without a criminal conviction.

15  Apparently there also is a proposed revision of § 3173.1 under consideration.    Valdez contends

16  that the revision, if implemented, will not necessarily solve his problem because he still will not

17  be guaranteed contact visits with his step-children.

18         Valdez alleges that he has received no visits from his step-children since August 17, 2003,

19  and has received no visits from his wife for the last four months.  Visits from his wife are not

20  restricted by the regulation unless she is a minor.  Valdez also alleges that he has received no

21  letters from his wife and step-children and they refuse to accept his collect calls.  Id.  Letters and

22  telephone calls are not restricted by the regulation.

23         Valdez alleges that the regulation has violated his rights to equal protection, to due process

24  and to be free from ex post facto laws.  He seeks damages as well as declaratory and injunctive

25  relief in his complaint.  He also has moved for appointment of counsel to represent him in this

26  action.

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

A.      Standard of Review

        A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   See 28 U.S.C. § 1915A(a).   In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.   See id. at 1915A(b)(1),(2).   Pro se pleadings must be liberally construed.   See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:   (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Analysis of Complaint

        1.      Equal Protection Claim

        "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982). When a prison regulation [or practice] impinges on inmates' constitutional rights (other than the right to racial equality), the regulation is valid if it is reasonably related to legitimate penological interests.   Turner v. Safley, 482 U.S. 78, 89 (1987); Johnson v. California, 125 S. Ct. 1141, 1161(2005).

        Valdez contends that the regulation violates his right to equal protection.   He alleges that there is no rational relationship between the governmental interest and the regulation that impinges on his allegedly fundamental right to associate with his family.   See Overton v. Bazzetta, 539 U.S.

3

United States District Court

For the Northern District of California

126 (2003).   He also appears to contend that the regulation makes an irrational distinction among prisoners in that, due to the interplay of the statutory scheme and the regulation, only children who were the victims of a prisoner's sex offense can potentially visit that prisoner, while children who were <u>not</u> victimized by that prisoner cannot visit him.   Liberally construed, the complaint states a cognizable § 1983 claim for an equal protection violation.   Valdez has adequately linked defendants Jeanne Woodford, Colleen Levangie, J. Burleson, and A. P. Kane to this claim.

    2.    Due Process Claim

    Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states.   See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.   See Sandin v. Conner, 515 U.S. 472, 484 (1995).   Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."   See id. at 477-87.    A prisoner's interest in unfettered visitation is not guaranteed by the Due Process Clause itself.   See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). California regulations have not created a protected interest in visitation.   California Code of Regulations title 15, § 3173 sets forth general substantive criteria which must be followed and circumstances under which visitation must be approved.   See, e.g., Cal. Code Regs. tit. 15, § 3173(l).   However, § 3177(c) specifically provides that visitation may be discretionarily denied for reasons other than those set forth in the regulations and § 3170(e) states that visits are subject to denial or restriction as necessary to provide fair allocation of prison resources.   This reservation of the right to allow and disallow visits "is not such that an inmate can reasonably form an objective expectation that a visit would necessarily be allowed absent the occurrence of one

4

United States District Court

For the Northern District of California

of the listed conditions." <u>See</u> <u>Thompson</u>, 490 U.S. at 464-65 (finding no protected liberty interest in Kentucky regulations).

Valdez asserts that his right to due process was violated because prison officials used the regulation to restrict his visits without giving him procedural protections (such as notice and an opportunity to be heard) before making the decision. Because a visit may be denied regardless of compliance with substantive criteria, the regulations' language is not sufficiently mandatory to meet the first prong of the <u>Sandin</u> test, and therefore no protected liberty interest requiring constitutional protection is created. Without a protected liberty interest, there is no due process violation. The due process claim is dismissed without leave to amend.

3.      <u>Ex Post Facto Claim</u>

The Ex Post Facto Clause of the U. S. Constitution prohibits any statute that (1) punishes as a crime an act previously committed, which was innocent when done; (2) makes more burdensome the punishment for a crime, after its commission; or (3) deprives one charged with a crime of any defense available according to law at the time when the act was committed. <u>See</u> <u>Collins v. Youngblood</u>, 497 U.S. 37, 41-46 (1990). "'Changes in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and denials of privileges - matters which every prisoner can anticipate are contemplated by his original sentence to prison - are necessarily functions of prison management that must be left to the broad discretion of prison administrators.'" <u>Jones v. Murray</u>, 962 F.2d 302, 309 (4th Cir.) (quoting <u>Gaston v. Taylor</u>, 340, 343 (4th Cir. 1991)), <u>cert. denied</u>, 506 U.S. 977 (1992). "It is precisely because reasonable prison regulations, and subsequent punishment for infractions thereof, are contemplated as part of the sentence of every prisoner, that they do not constitute additional punishment and are not classified as ex post facto. Moreover, since a prisoner's original sentence does not embrace a right to one set of regulations over another, reasonable amendments, too, fall within the anticipated sentence of every inmate." <u>Id.</u> at 309-10; <u>see also</u> <u>Gilbert v. Peters</u>, 55 F.3d 237, 238 (7th Cir. 1995) (Clause "does not prohibit every alteration in a prisoner's confinement

1  that may work to his disadvantage").

2    Valdez alleges that § 3173.1 violates the Ex Post Facto Clause of the U.S. Constitution

3  because it makes more burdensome his punishment and was enacted after his crimes that led to

4  his current incarceration.   See Complaint, pp. 59-60.   As the authorities cited in the preceding

5  paragraph suggest, the challenged regulation causes the kind of change in conditions of

6  confinement and denial of privileges that are functions of day-to-day prison management and are

7  not additional punishment for the crimes.   Valdez had no right to have the prison regulations in

8  place at the time he committed his crimes remain in place and govern his conduct for the entirety

9  of his sentence.   The ex post facto claim is dismissed without leave to amend.

10

11  C.    Motion For Appointment Of Counsel

12    Valdez moves for an order appointing counsel to represent him in this action.   A district

13  court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent

14  civil litigant in exceptional circumstances.   See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

15  Cir. 1986).   This requires an evaluation of both the likelihood of success on the merits and the

16  ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

17  involved.   See id.   Neither of these factors is dispositive and both must be viewed together before

18  deciding on a request for counsel under section 1915(e)(1).   Here, exceptional circumstances

19  requiring the appointment of counsel are not evident.   Based on the record before it, the court is

20  not able to determine that there is a likelihood of success on  the merits and the complaint does

21  not raise particularly difficult legal claims. The motion for appointment of counsel is denied.

22

23                                  **CONCLUSION**

24    For the foregoing reasons,

25    1.    Liberally construed, plaintiff's complaint states a claim for relief under 42 U.S.C.

26  § 1983 against defendants Jeanne Woodford, Colleen Levangie, J. Burleson, and A. P. Kane  for

27  violating plaintiff's right to equal protection of the laws.   Plaintiff's due process and ex post facto

28

**United States District Court**
For the Northern District of California

claims are dismissed.  Defendants W. J. Hill, I. Guerra, and J. Lozada, whose involvement appears to relate to the absence of a hearing before plaintiff was barred from visiting with minors, are dismissed from this action.  Because plaintiff had no right to a hearing before the restriction on his visitation rights was implemented, these defendants have no liability on that theory.

2.     The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of this order, and a copy of all the other documents in the case file upon these four defendants:

(a) Jeanne Woodford (CDCR Director, employed at CDCR in Sacramento);

(b) Colleen Levangie (assistant chief of the CDCR regulation and policy management branch, employed at the CDCR in Sacramento);

(c) J. Burleson (CDCR appeals examiner, employed at the CDCR in Sacramento); and

(d) A. P. Kane (warden, employed at CTF in Soledad).

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.     No later than **March 3, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **April 7, 2006**.  Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . .  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

United States District Court

For the Northern District of California

7

shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendant wishes to file a reply brief, he must file and serve the reply brief no later than **April 21, 2006**.

    4. All communications by plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

    8. The parties are cautioned that there is a 25-page limit on the length of any motion and opposition brief, and a 10-page limit on the length of any reply brief.

    9. The motion for appointment of counsel is DENIED. (Docket # 3.)

    IT IS SO ORDERED.

Dated: December 21, 2005

                 _____
                   SUSAN ILLSTON
               United States District Judge

**United States District Court**
For the Northern District of California