]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO DAVID VALDEZ, JR., | No. C 05-4443 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| JEANNE WOODFORD; et al., | |
| Defendants. / | |

A.  Defendants' Motions

Defendants have filed an ex parte request for an extension of time to file their dispositive motion. Upon due consideration of the request and accompanying declaration of attorney Trace Maiorino, the request is GRANTED. (Docket # 25.) The court vacates the existing briefing schedule and now sets the following briefing schedule:

1. Defendants must file and serve a dispositive motion no later than **June 2, 2006**. If defendants are of the opinion that the case cannot be resolved by dispositive motion, they must file and serve such a notice by the deadline.

2. Plaintiff must file and serve his opposition to the dispositive motion no later than **July 7, 2006**.

3. If defendants wish to file a reply brief, they must file and serve their reply brief no later than **July 21, 2006**.

1   Defendants also have filed a motion to stay discovery pending a decision on their motion
2 for summary judgment in which they expect to assert entitlement to judgment as a matter of law
3 on the defense of qualified immunity. The U.S. Supreme Court has made it abundantly clear that
4 a district court should stay discovery until the threshold question of qualified immunity is settled.
5 See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635,
6 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, the court
7 GRANTS defendants' motion to stay discovery. (Docket # 27.) All discovery is STAYED until
8 defendants' motion for summary judgment raising the qualified immunity defense is resolved.

10  B.   Plaintiff's Motions
11  Plaintiff has moved for a restraining order, asserting that he needs to be protected from
12 retaliation by unspecified persons. The motion is DENIED. (Docket # 12.) The standard for
13 issuing a temporary restraining order is similar to that required for a preliminary injunction. See
14 Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981)
15 (Ferguson, J., dissenting). Requests for injunctive relief may be analyzed with either of two sets
16 of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of
17 success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the
18 preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4)
19 show that granting the injunction favors the public interest. See Los Angeles Memorial
20 Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The
21 "alternative" test requires that the movant demonstrate either a combination of probable success
22 on the merits and the possibility of irreparable injury, or that serious questions are raised and the
23 balance of hardships tips sharply in his favor. See Bernhardt v. Los Angeles County, 339 F.3d
24 920, 925 (9th Cir. 2003). Under the tests, the likelihood of success on the merits is critical. The
25 record now before the court does not suggest a likelihood of success on the merits for Valdez.
26 Furthermore, he has not shown facts suggesting that a restraining order is necessary here.
27 Accordingly, the court will not grant a restraining order.

Plaintiff filed a "Motion To Alter Or Amend Judgment Of Order," in which he objects to the court's dismissal of the due process claim in the complaint. The court construes the motion to be a motion for reconsideration and GRANTS it in part and DENIES it in PART. (Docket # 20.) The request for the court to reconsider the citations to visitation regulations at page 4 of the Order Of Service is granted: the passage at page 4, line 20 - line 25 is amended to read as follows: "Regulations title 15, § 3170.1 sets forth general substantive criteria which must be followed and circumstances under which visitation will be approved. However, § 3172.1(b) indicates by its non-exclusive list that visitation may be discretionarily denied for reasons other than those set forth in the regulations and § 3170.1(c) states that visits are subject to denial or restriction as necessary to provide fair allocation of prison resources." Additionally, the court amends the Order Of Service to add the following sentence to the end of the paragraph ending at page 5, line 1: "Furthermore, § 3173.1's restrictions on visits with minors for certain sex offenders precludes an inmate with one of the listed sex offenses from reasonably forming an objective expectation that he would be allowed to visit with minors."

The request to reconsider the rejection of the due process claim is denied. Valdez's argument that the Due Process Clause itself creates a liberty interest in visiting minors has no merit. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) ("Respondents do not argue – nor can it seriously be contended, in light of our prior cases – that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause.")

C.      Filings

The court has received twelve filings from plaintiff in about ten weeks' time, many of which should not have been filed. Valdez should not file discovery requests or copies of letters he sends to defense counsel. There was no need for him to file copies of letters he filed on February 17, 21, 22 and 27, 2006. He also should file exhibits with the motion or opposition to which they pertain and should not file exhibits in a piecemeal fashion or send documents just for the sake of letting the court know what is happening in the regulatory amendment process. Judicial resources are needlessly consumed by filing such as the "ex parte communication -

3

1  judicial notice" regarding proposed amendments to the regulation he filed on December 29,
2  2005, the "written comments opposing revised regulation 3173.1" he filed on January 18, 2006,
3  the "judicial notice of superior court case invalidating regulation" he filed on February 28, 2006,
4  and the "supplemental attachments" he filed on March 3, 2006 for consideration on a motion he
5  filed ten days earlier.  The filing of such documents needlessly consumes judicial resources
6  because the court must read the documents to attempt to figure out what the pro se litigant is
7  trying to accomplish, when in fact no court action is required on most of the documents.  With
8  regard to exhibits, litigants are expected to organize their presentations such that any exhibit
9  relevant to a motion or opposition is filed with it.  The court will not review the entire court file
10 to assemble a coherent presentation for the litigant, when he has not bothered to do so.  In short,
11 the plaintiff needs to think and organize before he mails a document to the court: if he cannot
12 articulate what action he wants from the court in response to the filing (other than the unhelpful
13 thought that he wants the court to "know what is going on"), he probably shouldn't file the
14 document.

15 　　　Plaintiff is advised that single-spaced, double-sided letters to the court are unacceptable.
16 Briefs filed in this court may be handwritten or typed but must be double-spaced rather than
17 single-spaced, should not be double-sided, and should be paginated.  Generally, any request for
18 court action should be in the form of a motion or request mailed to the court and not in a letter
19 addressed to the judge hearing the action.

20 　　　IT IS SO ORDERED.
21 Dated:  March 10, 2006

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

4